UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NICHOLAS GIZA,

        Plaintiff,

v.                                             CAUSE NO. 3:22-CV-392-DRL-MGG

RON NEAL *et al.*,

        Defendants.

OPINION AND ORDER

Nicholas Giza, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Giza alleges that, from at least January 1, 2022 until March 24, 2022, the correctional officers in his housing area did not offer him any cleaning supplies. As a result, he indicates he has lived in unsanitary conditions. In response to a grievance addressing the lack of cleaning supplies, Major Warlow indicated that cleaning supplies are offered every Tuesday and Thursday, but if the offer is declined, an inmate may need to wait until the next time they are offered. Mr. Giza has sued Major Warlow asserting that his representation regarding the availability of cleaning supplies was false. Mr. Giza

has also sued Warden Ron Neal because he is responsible for making sure his officers are following the prison's policies.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation, *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the court of appeals has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

"Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018).*Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Supervisory staff can be held liable for a constitutional violation if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *See Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir 2019).

Here, there is no indication that either Warden Neal or Major Warlow were personally involved in denying Mr. Giza cleaning supplies or that they condoned it. Mr. Giza's grievance put Major Warlow on notice that he complained about not receiving cleaning supplies, but there is no indication that Major Warlow knew that Mr. Giza was not receiving cleaning supplies before the grievance was filed. And, Mr. Giza admits he received cleaning supplies on March 23, 2022, shortly before he filed his grievance appeal. ECF 1-1 at 2. It cannot be plausibly inferred from the factual allegations in the complaint that either Ron Neal or Major Wardlow were deliberately indifferent to Mr. Giza's need for adequate sanitation.

This complaint does not state a claim for which relief can be granted. If Mr. Giza believes he can state a claim based on (and consistent with) the events described in this complaint, Mr. Giza may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number

on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Nicholas Giza until **January 25, 2023**, to file an amended complaint; and

(2) CAUTIONS Nicholas Giza that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

January 3, 2023                              *s/ Damon R. Leichty*
                                             Judge, United States District Court